UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THE ROMAN CATHOLIC DIOCESE
OF SYRACUSE, NEW YORK, *et al.*,

               Plaintiffs,

        -v-                        5:24-CV-325

ARROWPOINT CAPITAL *et al.*,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID N. HURD
United States District Judge

## ORDER DENYING MOTIONS TO WITHDRAW REFERENCE

    This case arises out of an ongoing chapter 11 bankruptcy proceeding filed by the Roman Catholic Diocese of Syracuse, New York (the "Diocese"), along with a number of its individual Parishes, in June of 2020.  As relevant here, the Diocese seeks declaratory relief against a group of its insurers.  According to the Diocese, those insurers have failed to defend the Diocese in state-court actions alleging that the Diocese negligently supervised and hired staff who sexually abused individuals.  Five groups of insurers have filed or joined in this civil action, which began life as a motion for an Order "withdrawing the reference" to the bankruptcy court to the extent it involves the Claims arising

out of the coverage disputes over the insurers' alleged failure to defend the state-court actions.  Dkt. Nos. 1–5.

The district courts have original jurisdiction over proceedings under the Bankruptcy Code, 28 U.S.C. § 1334(b), but they ordinarily refer those cases to the bankruptcy judges, since they are the subject matter experts.  28 U.S.C. § 157(a).  This is true in the Northern District of New York.  N.D.N.Y.L.R. 81.1.

Importantly, however, absent consent of the parties, a bankruptcy judge can only hear and determine cases that arise under the Bankruptcy Code or that are considered "core proceedings"; *i.e.*, issues that significantly impact the relationship between a debtor and a creditor.  *See* 28 U.S.C. § 157(b)(1).

Sometimes, though, "non-core proceedings" are raised in an underlying bankruptcy case.  A non-core proceeding is one that has a "life of its own in either state or federal common law or statute independent of the federal bankruptcy laws."  *Salomon v. Kaiser*, 722 F.2d 1574, 1582 (2d Cir. 1983).

In a non-core proceeding, absent consent, the bankruptcy judge is limited to submitting proposed findings of fact and conclusions of law to the district court for review.  28 U.S.C. § 157(c)(1).  As relevant here, when the issue is a "non-core" one, the district court may (and in limited cases must) withdraw, in whole or in part, any case or proceeding that has been referred, either on its own motion or by motion of a party, for "cause shown."  28 U.S.C. § 157(d).

The statute does not define "cause."  But the Second Circuit has set forth a multi-pronged test for showing it.  *In re Orion Pictures Corp.*, 4 F.3d 1095 (2d Cir. 1993).  These factors include:

> (1) whether the bankruptcy court has constitutional authority to enter a final decision; (2) judicial economy; (3) uniformity in bankruptcy administration; (4) economical use of debtors' and creditors' resources; (5) reduction of forum shopping and confusion; (6) expediting the bankruptcy process; and (7) the presence of a jury demand.

*Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec., LLC*, 486 B.R. 579, 582 (S.D.N.Y. 2013).

Broadly speaking, the insurers argue that each of the seven *Orion* factors favor withdrawing the reference, which would mean that the Claims would be adjudicated in this district court civil action rather than by the bankruptcy court.  The insurers point out that the district courts downstate have granted insurers' motions to withdraw the reference in a bankruptcy proceeding filed another diocese.  *Roman Catholic Diocese of Rockville Ctr. v. Arrowood Indem. Co.*, 2021 WL 1978560 (S.D.N.Y. May 17, 2021).

Upon review of the parties' briefing in light of the *Orion* factors and the governing law, the insurers' motions will be denied with leave to renew, if necessary, at a later stage of the proceedings.  As Judge D'Agostino observed in reaching a similar conclusion on an unopposed motion to withdraw the reference in an unrelated matter:

> Even where a district court may have to engage in *de novo* review of the bankruptcy court's pre-trial preparations or where the district court will inevitably conduct a jury trial, allowing the Bankruptcy Court to oversee the pre-trial matters can be a more efficient use of judicial resources where the bankruptcy court is more familiar with the facts at issue in the case.
>
> . . . .
>
> Despite the prospect of some duplicative work or a possible trial in this Court, the increased efficiency in keeping this matter with the Bankruptcy Court more than offsets this potential cost.

*Light Energy Installers, LLC v. Kyocera Int'l, Inc.*, 2018 WL 4298635, at *3 (N.D.N.Y. Sept. 10, 2018); *In re Turkey Lake, LLC*, 2018 WL 4214355, at *3 (N.D.N.Y. Apr. 23, 2018) (Sannes, J.) ("Indeed, even if a bankruptcy judge cannot adjudicate a matter to final judgment, considerations of judicial economy may militate in favor of deferring withdrawal of the reference until a later stage in the proceedings.").

Therefore, it is

ORDERED that

The insurers' motions to withdraw the reference (Dkt. Nos. 1, 2, 3, 4, 5) are DENIED.

The Clerk of the Court is directed to serve a copy of this Order on the parties in accordance with the Local Rules and close this file.

IT IS SO ORDERED.

Dated:  August 22, 2024
      Utica, New York.

David N. Hurd
U.S. District Judge